

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-25-00329-CV

---

IN THE INTEREST OF A.M., A CHILD

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-528338-13

---

Before Womack, Wallach, and Walker, JJ,
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

On July 10, 2025, Appellant G.C. filed a notice of appeal in our court complaining about a "Final Order entered on June 9, 2025." But no final judgment or appealable order was attached to G.C.'s notice of appeal; instead, G.C. attached a June 9, 2025 letter from the trial court concerning its "rendition." That letter directed one of the parties to "draft an order in conformity with this rendition and forward [the] proposed order to [the other party] for her review and signature." Such a letter does not constitute a final judgment. *See Heinrich v. Heinrich*, No. 07-19-00265-CV, 2019 WL 3884461, at *1 (Tex. App.—Amarillo Aug. 16, 2019, no pet.) (per curiam) (mem. op.) (concluding letter from trial court expressing trial court's rulings and instructing prevailing party to prepare final order was not final judgment); *In re B.W.S.*, No. 05-15-01207-CV, 2016 WL 7163866, at *2 (Tex. App.—Dallas Nov. 28, 2016, no pet.) (mem. op.) (similar); *see also Perez v. Perez*, 658 S.W.3d 864, 871 (Tex. App.—El Paso 2022, no pet.) ("Courts have generally not accorded final-judgment status to letter rulings.").

On July 10, 2025, we sent the parties a letter informing them that we had received a copy of G.C.'s notice of appeal in this case but that it appeared that the notice of appeal was premature because the trial court had not signed a final order. *See* Tex. R. App. P. 26.1(a), 27.1(a). We allowed the parties a reasonable time to correct the defect in the record, giving them until July 30, 2025, to furnish us with a signed copy of the order that G.C. seeks to appeal. *See* Tex. R. App. P. 44.3,

2

44.4(a)(2).  We stated that if no final order was signed and furnished to us by that date, then this appeal would be dismissed for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

The deadline has passed, and we have not received a signed copy of a final judgment or appealable order.[1]  We thus dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001) (holding that, generally, appeals may be taken only from final judgments or interlocutory orders authorized by statute).

/s/ Dana Womack

Dana Womack
Justice

Delivered:  August 7, 2025

---

[1]The trial court recently confirmed that it had not signed any final order or judgment in this case.